2012 COA 209

**In re the Estate of Jeffrey M. JOHNSON, deceased.**

**Laurel M. Christensen, Petitioner–Appellant,**

v.

**Dawn Wilson, Personal Representative–Appellee.**

**No. 12CA0191.**

Colorado Court of Appeals, Div. V.

Nov. 21, 2012.

Rehearing Denied Dec. 27, 2012.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3) and § 24–51–1105, C.R.S.2012.

Bell, Gould & Scott, P.C., J. Peter Linder, Fort Collins, Colorado, for Petitioner–Appellant.

Poskus, Caton & Klein, P.C., Bernard A. Poskus, Kerri L. Klein, Patrick R. Thiessen, Denver, Colorado, for Personal Representative–Appellee.

Opinion by Judge FOX.

¶ 1 In this probate action concerning the disposition of the proceeds of a life insurance policy, we affirm the trial court's dismissal of petitioner Laurel M. Christensen's claims and the grant of partial summary judgment in favor of Dawn Wilson, in her capacity as personal representative of her brother Jeffrey M. Johnson's estate (the Estate).

## I. Background

¶ 2 Johnson and Christensen married in 2000. In 2001, Johnson purchased a life insurance policy, and named Christensen as primary beneficiary and his mother, Judith E. Johnson, as contingent beneficiary. Johnson's mother died in 2006, Johnson and Christensen divorced in 2008, and Johnson died on May 18, 2010. He had no surviving children or parents, but had at least one sibling.

¶ 3 Johnson's insurance policy provided that, "[if] there is no designated Beneficiary living at the death of the Insured, [the insurer] will pay the Life Insurance Proceeds to the Owner, if living, otherwise to the Owner's estate."

¶ 4 On June 2, 2010, Wilson filed a petition for appointment and was appointed personal representative of the Estate. On December 20, 2010, Christensen filed a claim to the proceeds of Johnson's insurance policy.

¶ 5 The trial court granted partial summary judgment to the Estate, ruling that by operation of section 15–11–804(2), C.R.S. 2012, Christensen was removed as beneficia-

ry of Johnson's insurance policy after the 2008 divorce.

¶ 6 The trial court later granted the Estate's motion to dismiss Christensen's claims to reform Johnson's beneficiary designations to restore her as primary beneficiary.[1] The trial court declined to apply section 15–11–806, C.R.S.2012, to reform Johnson's insurance policy because that section became effective after Johnson died and section 15–11–804(2) removed Christensen as beneficiary of Johnson's insurance policy. This appeal followed.

## II. Section 15–11–804(2)

¶ 7 Christensen contends that the trial court erred in granting partial summary judgment to the Estate. Because we agree with the trial court's conclusion that Christensen's expectancy interest as a beneficiary of Johnson's life insurance policy was statutorily revoked upon divorce by section 15–11–804(2), we affirm the judgment.

### A. Standard of Review

■ ¶ 8 We review a grant of summary judgment de novo. *Condo v. Conners,* 266 P.3d 1110, 1114 (Colo.2011). Likewise, we review a trial court's statutory interpretation de novo. *Smith v. Executive Custom Homes, Inc.,* 230 P.3d 1186, 1189 (Colo.2010).

### B. Analysis

¶ 9 Subject to certain exceptions, section 15–11–804(2) provides that divorce revokes any revocable disposition of property made by the divorced individual to the former spouse in a governing instrument, including beneficiary designations in insurance policies. *In re Estate of DeWitt,* 54 P.3d 849, 852 (Colo.2002). The effect of the revocation is as if the former spouse disclaimed all rights as a beneficiary. § 15–11–804(4), C.R.S.2012. The only exception to the statute's application is "as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate." § 15–11–804(2).

■ ¶ 10 Christensen contends that she was not removed as beneficiary of Johnson's life insurance policy because language in the policy expressly precluded the application of section 15–11–804(2). She claims that the insurance policy prevents modification of beneficiaries without written notification by the insured and express agreement by the insurance company's executive officers. We reject this contention.

¶ 11 Christensen relies on the following portion of the insurance policy: "The rights conferred by this Policy are in addition to those provided by applicable Federal and State laws and regulations. Only Our executive officers can modify this contract or waive any of Our rights or requirements under it." In Christensen's view, the insurance policy allows a change in beneficiary only if, "[w]hile the Insured is living, [the Insured sends][the insurer] a Written Notice to change the Owner or Beneficiary." Because Johnson never provided written notice removing her from the policy and the insurance company's officers never agreed to a removal, Christensen claims she remains a beneficiary.

■ ¶ 12 Christensen's position fails for three reasons. First, the insurance industry and the probate process are highly regulated in Colorado, *see DeWitt,* 54 P.3d at 857, and Johnson should have reasonably expected that section 15–11–804(2) would apply to his policy. *See Cendant Corp. v. Department of Revenue,* 226 P.3d 1102, 1108 (Colo.App.2009) ("Every person is presumed to know the law if the law is definite and knowable."). Section 15–11–804(2) was enacted to give effect to the presumptive intent of insured-decedents, namely that a person would not want his former spouse to remain a beneficiary of his life insurance policy. *DeWitt,* 54 P.3d at 852 (section 15–11–804(2) "represents a legislative determination that the failure of an insured to revoke the designation of a spouse as beneficiary after dissolution of the marriage more likely than not represents inattention").

---

1. The Estate's motion was postured as a C.R.C.P. 12(b)(5) motion, but it should have been brought as a C.R.C.P. 12(c) motion for judgment on the pleadings, because the Estate had answered the counterclaims.

¶ 13 Second, section 15–11–804(2) applies to Johnson's insurance policy because it does not impair any rights or obligations of the parties to the insurance contract. As a beneficiary to a life insurance policy, Christensen had no vested rights in Johnson's insurance policy. *DeWitt*, 54 P.3d at 856 (a beneficiary to a life insurance policy does not have a vested interest in that contract; she only has an expectancy or contingent interest). Further, section 15–11–804(2) applies only to the donative transfer portion of an insurance policy; it does not impair the rest of the contract between Johnson and the insurance company. *DeWitt*, 54 P.3d at 860 ("[N]one of the contractual obligations is implicated by application of section 15–11–804(2). The insurance contract remains in effect and enforceable notwithstanding the application of section 15–11–804(2).... Section 15–11–804(2) merely changed the identity of the presumptive beneficiary."). Thus, there was no conflict between section 15–11–804(2) and the provision in the policy protecting the insurance company's rights to insist on written notice to change the owner or the beneficiary and on approving modifications to the policy.

¶ 14 Finally, the insurance policy provisions Christensen relies upon are not express or explicit enough to trigger application of the limited exceptions in section 15–11–804(2).[2] The policy contains no express language exempting former spouses from automatic revocation of beneficiary status upon divorce, as the law requires.

¶ 15 Though not dispositive, we also note that Johnson and Christensen's dissolution order specified that they would no longer hold any claims on each other's life insurance policies. Specifically, they were "awarded their respective life insurance polic[ies] as their sole and separate property, including any cash value, free and clear of any claim on the part of the other party." *See Napper v. Schmeh*, 773 P.2d 531, 536–37 (Colo.1989) (concluding that a settlement agreement providing that "[u]pon entry of final decree of dissolution each of the parties will be the sole and only owners of their respective life insurance policies, and each waives any interest in said policies," operated to extinguish the former wife's expectancy interest as beneficiary in her husband's life insurance policy); *cf. Prudential Ins. Co. v. Irvine*, 338 Mich. 18, 61 N.W.2d 14, 17 (1953) (concluding that the parties' divorce decree followed the terms of the state statute and terminated the former wife's rights in the ex–husband's insurance proceeds when he died).

¶ 16 For these reasons, we agree with the trial court's conclusion that section 15–11–804(2) statutorily revoked Christensen's interest in Johnson's insurance policy.

## III. Section 15–11–806

¶ 17 We also reject Christensen's contention that the trial court erred in dismissing her claim for reformation under section 15–11–806.

### A. Standard of Review

¶ 18 An appellate court reviews a district court's order granting a judgment on the pleadings based on C.R.C.P. 12(c) de novo. *Sterenbuch v. Goss*, 266 P.3d 428, 432 (Colo.App.2011).[3]

### B. Lack of Standing

¶ 19 Section 15–11–806 was added in 2010 along with other major amendments to the Colorado Probate Code. It provides in relevant part:

The court may reform the terms of a governing instrument, even if unambiguous, to conform the terms to the transferor's intention if it is proved by clear and convincing evidence that the transferor's intent and the terms of the governing instrument

---

2. Exceptions to the revocation of the former spouse's interest are where the express terms of a governing instrument, a court order, or a property division contract states otherwise. § 15–11–804(2).

3. Even though this issue was presented to the trial court as a C.R.C.P. 12(b)(5) motion to dismiss, we analyze it as a C.R.C.P. 12(c) motion for judgment on the pleadings because the Estate had already answered. The de novo standard also applies to a C.R.C.P. 12(b)(5) dismissal. *Regents of Univ. of Colorado v. Students for Concealed Carry on Campus, LLC*, 2012 CO 17, ¶ 11, 271 P.3d 496, 499.

were affected by a mistake of fact or law, whether in expression or inducement.

¶ 20 Christensen contends that the trial court should have used section 15–11–806 to reform Johnson's insurance policy to recognize her as the primary beneficiary, notwithstanding application of section 15–11–804(2) (removing her as beneficiary upon her 2008 divorce). She claims that she can prove that Johnson intended to keep her as beneficiary, even though he never submitted written notice to the insurer, as the policy required, to change his beneficiaries after the 2008 divorce.

¶ 21 The trial court declined to apply section 15–11–806 to reform Johnson's insurance policy for three reasons: (1) section 15–11–806 was enacted after Johnson's death; (2) once Christensen was removed as beneficiary from Johnson's insurance policy there was no governing instrument for the court to reform; and (3) section 15–11–804(2) lists the exclusive remedies for former spouses and none of the remedies applied.

¶ 22 Because we conclude that, by operation of section 15–11–804(2), Christensen was removed as beneficiary to Johnson's life insurance policy by upon her divorce, we hold she lacked standing to bring a reformation claim under section 15–11–806. *See Brotman v. East Lake Creek Ranch, L.L.P.,* 31 P.3d 886, 892 (Colo.2001)(holding that because adjoining property owner was not a beneficiary of the school land trust, it did not have standing as a beneficiary to enforce the terms of the trust); *see also Rush Creek Solutions, Inc. v. Ute Mountain Ute Tribe,* 107 P.3d 402, 406 (Colo.App.2004)("[W]e may affirm the trial court's ruling based on any grounds that are supported by the record.").[4]

¶ 23 We conclude that the trial court did not err in granting partial summary judgment to the Estate or in dismissing Christensen's claims.

¶ 24 Judgment affirmed.

JUDGE MILLER and JUDGE MÁRQUEZ * concur.

---

4. Having concluded that reformation is not available to Christensen, we need not consider her other contentions regarding this issue.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2012.